UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 0:23-CV-60150-DPG

ASHLEY JOHNSON,

    Plaintiff,

vs.

**BROWARD SHERIF'S OFFICE**, *et al.*,

    Defendants.

_____/

## ORDER AFFIRMING AND ADOPTING, IN PART, REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** comes before the Court on Magistrate Judge Jared M. Strauss' Report and Recommendation (the "Report"). [ECF No. 37]. Defendant Gregory Tony[1] ("Defendant") filed his Motion to Dismiss Plaintiff's Second Amended Complaint on March 28, 2023 (the "Motion").[2] [ECF No. 22]. Plaintiff filed her opposition to the Motion, [ECF No. 24], and Defendant filed his reply, [ECF No. 25]. On December 14, 2023, the case was referred to Judge Strauss, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pretrial, non-dispositive matters, and for a report and recommendation on any dispositive matters. [ECF No. 31]. Judge Strauss' Report recommends that the Court grant Defendant's Motion and dismiss Count II of the Second Amended Complaint ("SAC") with prejudice. [ECF No. 37]. On February 2, 2024, Plaintiff filed her objection to the Report. [ECF No. 38]. On February 9, 2024, Defendant filed his response. [ECF No. 39].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which

---

[1] Gregory Tony is being sued in his official capacity as Sheriff of Broward County.
[2] The Motion only applies to Count II of the Second Amended Complaint.

objection is made are accorded *de novo* review if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Plaintiff argues that Judge Strauss' Report errs in concluding that Count II of the SAC insufficiently alleged that Defendant ratified the conduct of his officers and that there was a custom or widespread practice of encouraging the use of excessive force. [ECF No. 38]. Additionally, Plaintiff insists that Count II of the SAC adequately pleads a claim for failure to train. *Id.* Finally, Plaintiff contends that liberal amendment should be allowed because dismissal with prejudice is harsh at this stage. *Id.*

Having conducted a *de novo* review of the record, the Court agrees with Judge Strauss' well-reasoned analysis and conclusion that Count II of the SAC fails to sufficiently allege facts to support a § 1983 *Monell* claim[3] for municipal liability based on ratification or failure to train. However, given that this is the first dismissal on the merits, the Court finds that Count II should be dismissed without prejudice.

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1)   Plaintiff's Objection to Report of Magistrate, [ECF No. 38], is **OVERRULED, in part, and SUSTAINED, in part**;

(2)   Magistrate Judge Strauss' Report and Recommendation, [ECF No. 37], is **AFFIRMED AND ADOPTED, in part,** and incorporated into this Order by

---

[3] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 700, (1978).

(2) [continued] reference, with the exception of the Report's recommendation that Count II be dismissed with prejudice;

(3) Defendant Gregory Tony's Motion to Dismiss Plaintiff's Second Amended Complaint, [ECF No. 22], is **GRANTED, in part**;

(4) Count II of Plaintiff's Second Amended Complaint, [ECF No. 17], is **DISMISSED, without prejudice.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of April, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE